**The Memorandum Decision below is hereby signed.**

**Dated: January 19, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
              UNITED STATES BANKRUPTCY COURT
               FOR THE DISTRICT OF COLUMBIA

In re                         )
                              )
BRYAN W. TALBOTT,             )   Case No. 11-00450
                              )   (Chapter 7)
          Debtor.             )
_____)
                              )
WILLIAM BICKFORD HUBER, et    )
al.,                          )
                              )
          Plaintiffs,         )
                              )   Adversary Proceeding No.
     v.                       )   11-10031
                              )
BRYAN W. TALBOTT,             )   Not for Publication in
                              )   West's Bankruptcy Reporter
          Defendant.          )
```

MEMORANDUM DECISION RE MOTION TO DISMISS
----

This addresses the motion to dismiss the adversary complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) filed by Bryan W. Talbott, the debtor and the defendant in this adversary proceeding. In the adversary complaint the plaintiffs, William Bickford Huber and W. Bickford Huber Company, request that the court determine that two alleged debts of Talbott be declared nondischargeable under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4),

523(a)(6), and 523(a)(7).

The complaint and incorporated exhibits allege that the defendant, as property manager for the plaintiff, failed to pay rents and other funds to the plaintiffs.[1]  Compl. ¶¶ 9, 10.  The plaintiffs commenced a lawsuit against Talbott, Private Property, Inc., and Esquire LLC d/b/a Esquire Federal City Realtors, another company operated by Talbott, in the Superior Court of the District of Columbia, alleging breach of contract, breach of fiduciary duty, fraud, fraudulent and negligent misrepresentation, failure to account, and conversion of trust funds.  Compl. ¶¶ 14, 15.

Talbott filed an answer to the complaint in Superior Court, but failed to comply with discovery requests and failed to respond to two pending motions as well as to the Superior Court's show cause order.[2]  Compl. ¶ 18; Exh. 2.  As a sanction for this conduct, the Superior Court ordered Talbott and his co-defendants defaulted.  Compl. ¶ 18.  Following an *ex parte* proof hearing, the Superior Court entered a judgment against Talbott and the companies, jointly and severally, for $72,132.92, as follows: (a) missing rents in the amount of $3,950; (b) security deposits for

---

[1] The complaint incorporates the attached exhibits as if each were pled in its entirety in the complaint.

[2] The Superior Court's Order, incorporated in the complaint, states that Private Properties, Inc. did not file an answer, but that Talbott and Esquire, LLC did file answers.

four units totaling $4,752; (c) unexplained and improper withdrawal of $2,775; (d) maintenance deposit of $500; (e) attorney's fees of $30,385.08 as a sanction for noncompliance with the litigation; (f) unearned management fees of $4,770.84; (g) expert witness fees of $1,500; (h) fraudulent conduct of $10,000; and (i) interest from the date of judgment and costs.[3] Compl. ¶¶ 19, 21; Exh. 2.

Count I of the plaintiffs' complaint contends that this judgment is not dischargeable under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), 523(a)(6), and 523(a)(7). Compl. ¶¶ 21, 28. In Count II, the plaintiffs allege that the $673,043.55 they owe their mortgage bank should also be declared a nondischargeable debt of the defendant. Compl. ¶ 32.

The defendant argues that Count I should be dismissed because the complaint does not set forth any facts to support the claims and because the Superior Court judgment was not on the merits. The defendant argues that Count II should be dismissed for lack of jurisdiction. He also alleges that Count II fails to state a claim and that the defendant is not a party to the contract with the bank and cannot be liable for the mortgage payments.

---

[3] Added together, these awards total $58,632.92, which is $13,500 short of the $72,132.92 money judgment. In their complaint, the plaintiffs allege that the award included $13,500 in punitive damages, but the Superior Court's findings include no such award.

I.

The defendant argues that Count II of the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  The defendant also contends that Count II is not a core proceeding and the court does not have jurisdiction to render a judgment for damages.

Determining whether a bankruptcy court has authority to both hear and decide an action is a two-part analysis.  *Dulworth v. U.S. Office Products Co. (In re U.S. Office Products Co. Sec. Litig.)*, 313 B.R. 73, 79 (D.D.C. 2004).  First, there must be subject matter jurisdiction over the case or proceeding under 28 U.S.C. § 1334.  Second, the bankruptcy court must have authority to adjudicate the matter under 28 U.S.C. § 157.  *Id.*

Pursuant to 28 U.S.C. § 1334, the district courts have original and exclusive jurisdiction of all cases "under title 11" and original but not exclusive jurisdiction of "all civil proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334.  Section 157 of title 28 authorizes the district court to refer such cases "to the bankruptcy judges for the district."  28 U.S.C. § 157(a).  Under § 157, a bankruptcy judge may "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11."  28 U.S.C. § 157(b)(1).  A bankruptcy judge may also hear a non-core proceeding "that is

4

otherwise related to a case under title 11." 28 U.S.C. § 157(c)(1).

This court has subject matter jurisdiction to determine the dischargeability of a debt. A dischargeability proceeding is a core proceeding and "is, without question, a constitutional and statutory federal question claim 'arising under' the Bankruptcy Code, because the bankruptcy discharge is relief established by federal bankruptcy law and Section 523 expressly authorizes such a declaration regarding the effect of the federal bankruptcy discharge." *Morrison v. Western Builders of Amarillo, Inc. (In re Morrison)*, 555 F.3d 473, 478 (5th Cir. 2009) (quoting Ralph Brubaker, *On the Nature of Federal Bankruptcy Jurisdiction: A General Statutory and Constitutional Theory*, 41 WM. & MARY L. REV. 743, 911 (2000)) (internal quotation marks omitted).

This court also has subject matter jurisdiction over the request for a money judgment on the underlying debt. As noted above, this court's subject matter jurisdiction is governed by 28 U.S.C. § 1334, a statute that was intended to confer jurisdiction as expansive as the jurisdiction that existed under the Bankruptcy Act of 1898, which, as amended in 1970, provided in § 17(c)(3) that "if any debt is determined to be nondischargeable, [the court] shall determine the remaining issues, render judgment, and make all orders necessary for the enforcement thereof." *See* Ralph Brubaker, *Bankruptcy Court*

5

*Jurisdiction to Enter a Money Judgment on a Nondischargeable Debt: Exposing* Pacor's *Deficiencies and the True Supplemental Nature of Third-Party "Related To" Bankruptcy Jurisdiction*, 29 No. 4 BANKR. L. LETTER 1, 4 (2009). "Congress, which intended bankruptcy courts to exercise far more expansive jurisdiction under the Code than under previous law, could not have intended to cut back on their ability to enter money judgments in the core proceedings encompassed by non-dischargeability complaints." *Morrison*, 555 F.3d at 479.

Accordingly, as there is subject matter jurisdiction in the district court over the plaintiffs' claims, and this jurisdiction has been referred to the bankruptcy judge, the defendant's motion to dismiss for lack of subject matter jurisdiction is denied.

Furthermore, the issue of whether entry of a judgment for the amount of the nondischargeable debt is a core or non-core proceeding need not be decided at this juncture. Though 28 U.S.C. § 157(b)(3) requires the bankruptcy judge to determine whether the proceeding is core or non-core, it does not mandate when the issue is to be decided, and even if the request for a monetary judgment is non-core, the bankruptcy judge can still hear the matter and issue proposed findings of fact and conclusions of law for the district court's consideration.

**II.**

The defendant-debtor has moved to dismiss the complaint on the ground that it fails to state a claim upon which relief can be granted under Federal Rule Civil Procedure 12(b)(6), made applicable through Federal Rule Bankruptcy Procedure 7012.

The purpose of a Rule 12(b)(6) motion is "to test the legal sufficiency of the complaint." *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003). In deciding a motion to dismiss, although the court "must construe the allegations and facts in the complaint in the light most favorable to the plaintiff ...," *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 195 (D.D.C. 2002), the complaint must nevertheless plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L. Ed. 2d. 868 (2009). In deciding a Rule 12(b)(6) motion to dismiss, "the [c]ourt may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the [c]ourt may take judicial notice." *Gustave–Schmidt*, 226 F. Supp. 2d at 196.

The plaintiffs have filed a *Memorandum of Points and Authorities in Opposition to Motion to Dismiss* (Dkt. No. 26) raising additional allegations of fact not contained in the complaint. However, a motion to dismiss tests the legal sufficiency of the complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). Thus, this court "will look only at the allegations made in [the plaintiffs'] actual complaint" and not at the allegations in the legal memorandum filed in opposition to the motion to dismiss. *Henthorn v. Dep't of Navy*, 29 F.3d 682, 688 (D.C. Cir. 1994); *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994) ("[w]e may not look beyond the pleadings."); *Chung v. Lee*, 852 F. Supp. 43, (D.D.C. 1994) (stating that in considering a Rule 12(b)(6) motion, "the court is restricted in its inquiry to the complaint itself, and may not consider matters outside the complaint.")

The defendant appears to address the issue of collateral estoppel by arguing that the Superior Court judgment is not entitled to preclusive effect because it was not on the merits. The plaintiffs have not filed a motion for summary judgment on the basis of collateral estoppel and that issue is not before the court.[4]

**A.**

---

[4] Given the vagueness of the Superior Court's ruling as to what conduct was fraudulent, it is not clear that collateral estoppel would apply.

8

Section 523(a)(2)(A) allows an exception from discharge for "money, property, services . . . obtained by . . . false pretenses, a false representation, or actual fraud . . .." An actionable claim for fraud under § 523(a)(2)(A) requires a showing that:

> (1) the debtor made the representation;
>
> (2) at the time of the representation, the debtor knew it to be false;
>
> (3) the debtor made the representation with the intent and purpose of deceiving the plaintiff;
>
> (4) the plaintiff justifiably relied on the representation; and
>
> (5) the plaintiff sustained a loss or damage as the proximate consequence of the representation having been made.

4 *Collier on Bankruptcy* ¶ 523.08[1][e] (Bender 2011). The complaint must adequately allege that the debtor obtained by fraud some money, property, services or credit. *See Cohen v. de la Cruz*, 523 U.S. 213, 217, 118 S. Ct. 1212, 140 L. Ed. 2d 341 (1998) (explaining that § 523(a)(2)(A) "prevents discharge of 'any debt' respecting 'money, property, services, or credit' that the debtor has fraudulently obtained.")

The plaintiffs have failed to identify what property was obtained by fraud. The complaint alleges that in August 2008,

9

the W. Bickford Huber Company alerted the defendant that it was not receiving monthly rental payments or proper accountings. Compl. ¶ 10. The complaint further states that the defendant owed the plaintiffs $19,675.00 in missing rent, security deposits, unexplained withdrawals, maintenance deposit, attorney's fees, and unearned management fees. Compl. ¶ 13. However, the complaint does not allege that the defendant obtained this money, or any other property, by fraud. The complaint merely alleges that the plaintiffs were owed money, and separately, that the defendant knowingly made false statements to the plaintiffs that rental payments had been made, that good funds had been deposited in the plaintiffs' account, and that he had fully accounted to the plaintiffs. Compl. ¶ 16.

Though the Superior Court awarded the plaintiffs $10,000 "because it was fraudulent conduct here, and there would be an entitlement of punitive damages," the Superior Court's findings make no mention of what conduct was found to be fraudulent. Compl. Exh. 5 at 26. To survive a Rule 12(b)(6) motion to dismiss, the pleader must provide "more than labels and conclusions." *Dixon v. District of Columbia*, — F.3d —, 2011 WL 6368195, at *4 (D.C. Cir. Dec. 20, 2011) (quoting *Twombly*, 550 U.S. at 555). Because the complaint does not state what debt was incurred through fraud, or specify what the fraudulent conduct was, the plaintiffs have failed to state a claim for relief under

10

11 U.S.C. § 523(a)(2)(A).[5]

**B.**

To prevail under the "defalcation" provision of § 523(a)(4), "[the p]laintiffs must prove that (1) the defendant was obligated to the plaintiff in a fiduciary capacity; (2) the defendant committed fraud or defalcation while acting in his fiduciary capacity; and (3) the plaintiff's debt resulted from such fraud or defalcation." *Jacobs v. Mones (In re Mones)*, 169 B.R. 246, 255 (Bankr. D.D.C. 1994).

"Defalcation" means "a failure to produce funds entrusted to a fiduciary," 4 *Collier on Bankruptcy* ¶ 523.10[1][b], and "does not have to rise to the level of 'fraud,' 'embezzlement,' or even 'misappropriation.'" *Quaif v. Johnson*, 4 F.3d 950, 955 (11th Cir. 1993) (citing *Central Hanover Bank & Trust Co. v. Herbst*, 93 F.2d 510, 512 (2d Cir. 1937) (Learned Hand, J.)).  The complaint alleges that the defendant was the alter ego for Private Properties, Inc., which was acting in a fiduciary capacity in relation to the plaintiffs.  Compl. ¶ 7.  However, the complaint fails to allege that the defendant engaged in conduct that

---

[5] If the $10,000 award of punitive damages relates solely to other nondischargeable claims, the punitive damages would also be nondischargeable as an incident of the damages recoverable for such nondischargeable claims.  *See infra* Section C; *Cohen v. de la Cruz,* 523 U.S. 213 (1998).

11

amounts to defalcation.[6]  All that can be gleaned from the complaint is that the defendant failed to pay money to the plaintiffs as required by contract; the complaint does not specify what conduct on the part of the defendant produced this debt.  Therefore, the complaint fails to set forth a claim under 11 U.S.C. § 523(a)(4) for defalcation.

To show embezzlement for purposes of § 523(a)(4), the plaintiffs must show "(1) that [they] entrusted [their] property to the debtor, (2) that the debtor appropriated the property for a use other than that for which it was entrusted, and (3) that the circumstances indicate fraud."  *Cash Am. Fin. Servs. v. Fox (In re Fox),* 370 B.R. 104, 115-16 (B.A.P. 6th Cir. 2007) (internal quotations omitted).  Count I does not plead embezzlement.  The only reference to embezzlement is in Count II,

---

[6] Courts disagree as to whether defalcation requires culpable conduct.  *Old Republic Surety Co. v. Richardson (In re Richardson)*, 178 B.R. 19, 27(Bankr. D.D.C. 1995).  Some courts have held that even "innocent mistake" can amount to defalcation. *Republic of Rwanda v. Uwimana (In re Uwimana)*, 274 F.3d 806 (4th Cir. 2001); *Tudor Oaks Ltd. P'ship v. Cochrane (In re Cochrane)*, 124 F.3d 978 (8th Cir. 1997); *Lewis v. Scott (In re Lewis)*, 97 F.3d 1182 (9th Cir. 1996). Other courts apply a negligence standard.  *Antlers Roof-Truss & Builders Supply v. Storie (In re Storie)*, 216 B.R. 283 (B.A.P. 10th Cir. 1997). The third interpretation is that "defalcation under § 523(a)(4) requires a showing of conscious misbehavior or extreme recklessness...." *Denton v. Hyman (In re Hyman)*, 502 F.3d 61, 68 (2d Cir. 2007), citing *In re Baylis,* 313 F.3d 9, 20 (1st Cir. 2002); *In re Patel*, 565 F.3d 963 (6th Cir. 2009); *Schwager v. Fallas (In re Schwager)*, 121 F.3d 177 (5th Cir. 1997); *Meyer v. Rigdon*, 36 F.3d 1375 (7th Cir. 1994).  Here, the plaintiffs' complaint does not even allege innocent mistake on the part of the defendant.

12

where the plaintiffs state that "[a]s a further result of the embezzlement by Debtor and his companies . . .." Compl. ¶ 32. The complaint does not state what property was entrusted to the defendant, or that the debtor appropriated the property for use other than that for which it was entrusted. Thus, the plaintiffs have failed to plead facts that allow this court to make a reasonable inference that the defendant is liable for embezzlement under 11 U.S.C. § 523(a)(4).

### C.

In its findings, the Superior Court awarded attorney's fees as a sanction for noncompliance with the litigation. Compl. Exh. 5, at 26. The plaintiffs claim that the sanctions awarded in their favor against the defendant are nondischargeable as a claim for "willful and malicious injury" under § 523(a)(6). Compl. ¶ 21.

Pursuant to the Supreme Court's decision in *Cohen v. de la Cruz*, the exception to discharge in § 523(a)(2)(A) "encompasses any liability arising from money, property, etc., that is fraudulently obtained, including treble damages, attorney's fees, and other relief that may exceed the value obtained by the debtor." 523 U.S. at 223 (1998). That holding may logically apply as well to attorney's fees awarded incidental to the recovery of a judgment for any debt that is nondischargeable. *See Fry v. Dinan (In re Dinan)*, 448 B.R. 775, 785 (B.A.P. 9th

13

Cir. 2011) (the discharge exception under § 523(a)(2)(A) "applies to all liability arising on account of a debtor's fraudulent conduct"); *see also Adamo v. Scheller (In re Scheller)*, 265 B.R. 39, 55 (Bankr. S.D.N.Y. 2011); *St. Paul Acad. & Summit Sch. v. Kiernat (In re Kiernat)*, 338 B.R. 809, 814-815 (D. Minn. 2006). However, until the complaint is amended to allege facts establishing that the rest of the judgment was solely for debts that are nondischargeable, or establishing that the attorney's fees were awarded only with respect to the litigation of debts that are nondischargeable, it is premature to consider whether that would suffice to treat the complaint as alleging facts that establish that the attorney's fees are nondischargeable. At this juncture, the complaint fails to state a claim upon which relief can be granted regarding the attorney's fees.

**D.**

The complaint alleges that the judgment is nondischargeable as a fine, penalty, or forfeiture under § 523(a)(7). As the complaint does not allege any debt for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, it does not state a claim for relief under § 523(a)(7). *In re Carpenter*, 2011 WL 841473, at *4 (Bankr. D.D.C. March 8, 2011) ("Section 523(a)(7) . . . requires that a fine or penalty must be payable to and for the benefit of a governmental unit" (emphasis omitted)).

14

**E.**

In Count II, the plaintiffs allege that their failure to make mortgage payments was a result of the defendant's embezzlement and other wrongful conduct. As a result, they seek a determination that the amount they owe the mortgage bank, $673,043.55, be deemed nondischargeable under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6). The defendant argues that he cannot be liable for the $673,043.55 because he is not a party to the mortgage loan contract. However, the plaintiffs' complaint does not allege that the defendant is liable on the contract with the mortgage bank. Rather, it is damages for fraud that the plaintiffs seek to declare nondischargeable, with the unpaid mortgage payments being the harm arising from that fraud and for which damages are sought.

As discussed above, the complaint fails to allege claims for relief pursuant to §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6). Therefore, Count II's claim for further damages as result of the conduct alleged in Count I also fails to state a plausible claim for relief.[7]

---

[7] Talbott has not yet filed an answer, and this decision does not address any affirmative defenses that Talbott may have to the plaintiffs suing now for a judgment in this court for additional damages not sought in the Superior Court litigation. Because of the doctrine of claim preclusion (res judicata), it is likely that, in order to receive such damages, the plaintiffs could be required to seek Rule 60 relief in the Superior Court to amend the judgment there instead of seeking a monetary judgment here. This court, of course, is the sole court with authority to

15

For all of these reasons, the court will dismiss Count I and Count II of the complaint.  The court will grant the plaintiffs 21 days leave to amend the complaint.

A separate order follows.

[Signed and dated above.]

Copies to: All counsel of record; Bryan S. Ross, Chapter 7 trustee; Office of United States Trustee.

---

declare whether any such judgment is nondischargeable.