The document below is hereby signed. Dated: April 9, 2012.



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
              UNITED STATES BANKRUPTCY COURT
               FOR THE DISTRICT OF COLUMBIA
```

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| BRYAN W. TALBOTT, | ) | Case No. 11-00450 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| W. BICKFORD HUBER and W. | ) | |
| BICKFORD HUBER CO., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Adversary Proceeding No. |
| v. | ) | 11-10031 |
| | ) | |
| BRYAN W. TALBOTT, | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |
| Defendant. | ) | |

<u>MEMORANDUM DECISION RE MOTION TO DISMISS</u>

The issue before the court is whether the plaintiffs' amended complaint should be dismissed for failure to state a claim upon which relief can be granted. The plaintiffs filed the amended complaint following this court's order (Dkt. No. 30, Jan. 19, 2012) dismissing their initial complaint pursuant to Fed. R. Civ. P. 12(b)(6). The plaintiffs' amended complaint seeks a determination by this court that a judgment obtained by them in the District of Columbia Superior Court against the defendant,

Talbott, for $72,132.92 plus interest and costs is nondischargeable.[1]  They also request that judgment be entered against the defendant for an additional $673,043.55 and that such debt be excepted from discharge.  The motion to dismiss will be granted in part and denied in part.

A complaint survives a motion to dismiss if it contains enough factual allegations, accepted as true, "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  The plausibility standard does not require probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  In addition to the facts alleged in the complaint, the court may consider "any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial

---

[1] I noted in my previous decision that the plaintiffs have alleged that the $72,132.92 money judgment includes an award of $13,500 in punitive damages, but the Superior Court's findings mention no such award.  When the amounts awarded by the Superior Court's findings are added together, however, they total $58,632.92, which is $13,500 short of the money judgment.  The $58,632.92 included $10,000 for fraud and that $10,000 appears to be punitive damages because no other basis for damages was presented at the hearing.

notice." *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

## Count I

In Count I, the plaintiffs allege that the District of Columbia Superior Court judgment for $72,132.92 plus costs and interest is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) because it represents a debt for money obtained by false pretenses, a false representation, or actual fraud.  A claim of fraud requires a showing that the defendant made a representation and that he knew at the time he made the representation that it was false, that he made the representation with the intent and purpose of deceiving the plaintiffs, that the plaintiffs justifiably relied on the representation, and that the plaintiffs sustained a loss or damage as the proximate consequence of the false representation. 4 *Collier on Bankruptcy* ¶ 523.08[e] (Bender 2011).  The plaintiffs must allege that the defendant obtained by fraud some money, property, services or credit.  In my previous decision in this case, I dismissed this claim because the plaintiffs did not identify what property was obtained by fraud.

Clearly, a claim for nondischargeability of a debt only arises if a debt to the plaintiff exists.  *Pearce v. Muncey (In re Muncey)*, 2009 WL 1651451, *8 (Bankr. E.D. Tenn. June 12, 2009) ("It is axiomatic that before a debt can be found nondischargeable, there must be a debt.")  However, the amended

complaint does not specify what property was obtained by Talbott's alleged false representations that "Debtor and his company had deposited good funds in Plaintiff's account when in fact the funds were not good" and "Debtor and his company had fully accounted to Plaintiffs when in fact they had not." Am. Compl. ¶ 39. Therefore, the plaintiffs fail to allege that any debt arose from these misrepresentations.

The amended complaint states that there was an "unexplained withdrawal" of $2,775, but does not allege any facts to show that the defendant's failure to explain the withdrawal was fraudulent conduct. Am. Compl. Exh. 5 at 20; ¶ 40.

The amended complaint still teems with conclusory statements and its factual allegations are skimpy. By combing through the documents incorporated in the amended complaint and piecing together the fragments of facts contained therein, the court determines that the plaintiffs have established the following factual allegations which do state a claim for relief under § 523(a)(2)(A). The defendant and his company, Private Properties, Inc. acted as property managers for plaintiffs' property. In three separate instances Private Properties, Inc. received a check signed by a tenant, cashed it, but did not record it in the income registered. Am. Compl. Exh. 5 at 12-13, 18-19. One of the defendant's duties was to collect rents and security deposits from tenants and to disburse the proceeds to

the plaintiffs. Am. Compl. ¶ 46. However, the plaintiffs never received the money from these checks, which totaled $3,950. Am. Compl. Exh. 5 at 12-13, 19.

Here the plaintiffs have "nudged" their claim that the defendant obtained the $3,950 by fraud "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570. The defendant represented in the income statement that no check had been received when he knew that representation to be false. Moreover, the allegations that the defendant cashed the checks but concealed their existence from the plaintiffs are sufficient to allege that the defendant made the representations with the intent and purpose of deceiving the plaintiffs. Finally, the plaintiffs justifiably relied on the income statement, and the plaintiffs sustained a loss of $3,950 as a proximate result.[2] Therefore, the plaintiffs have stated a claim under § 523(a)(2)(A).

---

[2] As discussed in the court's previous decision in this case, though the Superior Court awarded $10,000 "because it was fraudulent conduct here, and there would be an entitlement of punitive damages," the Superior Court's findings make no mention of what conduct was found to be fraudulent. Am. Compl. Exh. 5 at 26. The mere labeling of conduct as fraudulent is not sufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 129 S. Ct. at 1949. However, if the $10,000 award of punitive damages relates solely to other nondischargeable claims, the punitive damages would also be nondischargeable as an incident of the damages recoverable for such nondischargeable claims. *See Cohen v. de la Cruz*, 523 U.S. 213 (1998).

5

Count II

In Count II the plaintiffs allege that the Superior Court judgment is nondischargeable under 11 U.S.C. § 523(a)(4) because it was obtained by defalcation or embezzlement.  To state a claim under § 523(a)(4), the amended complaint must set forth facts that allow the court to reasonably infer that  "(1) the defendant was obligated to the plaintiff in a fiduciary capacity; (2) the defendant committed fraud or defalcation while acting in his fiduciary capacity; and (3) the plaintiff's debt resulted from such fraud or defalcation."  *Jacobs v. Mones (In re Mones)*, 169 B.R. 246, 255 (Bankr. D.D.C. 1994).  "Defalcation" means "a failure to produce funds entrusted to a fiduciary."  4 *Collier on Bankruptcy* ¶ 523.10[1][b].

The amended complaint sufficiently alleges that Talbott was obligated to the plaintiffs in a fiduciary capacity.  Private Properties, Inc. entered into a property management contract with the plaintiff Huber Company in 2001.  Am. Compl. ¶ 9.  Under District of Columbia law defining trusts, a property management contract may constitute an express trust which in turn creates a fiduciary relationship between the property management company and the property owners for purposes of § 523(a)(4).  *In re Aiken*, 2008 WL 2856697, at *11 (Bankr. D.D.C. July 21, 2008).  The amended complaint states that the defendant was the alter ego for Private Properties, Inc., and therefore, sufficiently alleges

6

that Talbott was a fiduciary with respect to the plaintiffs.  Am. Compl. ¶ 7.

The plaintiffs entrusted Talbott and his companies with all of the income from the Property, which included rents and security deposits, and it was the defendant's duty to disburse the proceeds to the plaintiffs.  Am. Compl. ¶¶ 46, 47.  The amended complaint represents that the defendant failed to pay $3,950 in rent to the plaintiffs.  Likewise, the amended complaint alleges that tenants gave checks for security deposits to Private Properties, Inc. and that Private Properties, Inc. cashed these checks, but that the defendant never returned the security deposits to the tenants.  Am. Compl. Exh. 5 at 19.  The plaintiffs allege that Talbott "withheld security and other deposits that Debtor should have returned to Plaintiffs."  ¶ 41.  The total amount of these missing security deposits was $4,752.

In his opposition, the defendant argues that the plaintiffs have not alleged that the funds they claim were not turned over were in fact obligated to be turned over.  The defendant contends that the management contract allowed the defendant to direct funds to various sources.  However, the complaint states that the plaintiffs were entitled to these rental proceeds and security deposits and that it was the defendant's duty to turn over these proceeds.  Accepting these allegations as true, I determine that the plaintiffs have sufficiently alleged that the $3,950 in

missing rents and $4,752 in missing security deposits resulted from defalcation while the defendant was acting in a fiduciary capacity.

Count II also attempts to plead embezzlement, which is another basis for an exception to discharge under § 523(a)(4). The complaint states: "Debtor committed embezzlement by appropriating Plaintiffs' rents and security deposits entrusted to them for a use other than for which it was entrusted and the circumstances indicate fraud."  Am. Compl. ¶ 56.  The plaintiffs have failed to allege the use for which these funds were entrusted to the defendant and what use the defendant made of them.  As a consequence, the amended complaint fails to allege that a debt from the debtor is nondischargeable because it results from embezzlement.

### Count III

The amended complaint states that the Superior Court's judgment should be excepted from discharge "because it involves willful and malicious injury under 11 U.S.C. § 523(a)(6)."  In support, the amended complaint asserts that the judgment included "attorney's fees, fraudulent conduct and punitive damages" and that the "Plaintiffs [sic] acts were deliberate, willful and malicious."  Am. Compl. ¶¶ 60-62.

Section 523(a)(6) excepts from discharge a debt "for willful and malicious injury by the debtor to another entity or to the

property of another entity." A debtor's actions "are willful and malicious within the meaning of § 523(a)(6) if they either have a purpose of producing injury or have a substantial certainty of producing injury." *Conte v. Gautam (In re Conte)*, 33 F.3d 303, 307 (3d Cir. 1994). The injury may be physical damage or destruction, or "an injury to intangible personal or property rights." 4 *Collier on Bankruptcy* ¶ 523.12[4].

The amended complaint does not indicate what conduct was willful and malicious. It also does not specify the resulting injury to the plaintiffs. The mere fact that the judgment includes an award of attorney's fees and punitive damages does not mean that the defendant's acts were willful and malicious. Therefore, Count III does not state a claim upon which relief may be granted.

### Count IV

The Superior Court judgment included an award of attorney's fees in the plaintiffs' favor as a sanction for the defendant's noncompliance with the litigation. The plaintiffs contend that the attorney's fees are nondischargeable as a fine, penalty, or forfeiture under § 523(a)(7). In addition, the plaintiffs have recovered $16,747.84 from the Real Estate Commission's fund and state that they may have to pay back the Real Estate Commission's fund for any amount they recover from the defendant. They argue that "[t]o the extent that Plaintiffs must repay these funds to

the District of Columbia upon recovery from Debtor, these funds are not dischargeable under 11 U.S.C. § 523(a)(7)." Am. Compl. ¶ 65. The plaintiffs also contend that the defendant is required to make restitution into a forfeiture fund as part of a criminal plea and that "[t]o the extent that Plaintiffs receives [sic] funds from the Debtor under this adversary proceeding and must repay these funds to the United States Government, these funds are not dischargeable under 11 U.S.C. § 523(a)(7)." Am. Compl. ¶ 66.

The amended complaint still does not allege any debt of the defendant for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, as is required for a debt to be nondischargeable under § 523(a)(7). The plaintiffs may be required to reimburse the Real Estate Commission's fund if they recover funds from the defendant, but this does not amount to a debt of the defendant for a fine, penalty, or forfeiture payable to a governmental unit. The plaintiffs seek to have a debt that is owed to them - not to a governmental unit - deemed nondischargeable. The same is true with respect to the plaintiffs' argument regarding the forfeiture fund. The plaintiffs are not a governmental unit and § 523(a)(7) is not applicable. *See Affordable Bail Bonds, Inc. v. Sandoval (In re Sandoval)*, 541 F.3d 997, 1001 (10th Cir. 2008) (looking to whether there was any obligation flowing from the debtor to a

governmental unit in determining whether the complaint stated a claim for relief under § 523(a)(7)).  Therefore, Count IV fails to state a claim for relief under § 523(a)(7).

With respect to the award of attorney's fees, this court explained in its January 19, 2012 decision that the exception to discharge in § 523(a)(2)(A) "encompasses any liability arising from money, property, etc., that is fraudulently obtained, including treble damages, attorney's fees, and other relief that may exceed the value obtained by the debtor." *Cohen v. de la Cruz*, 523 U.S. 213, 223 (1998).  In *Cohen*, the Court explained that "debt for money, property, services" obtained by false pretenses, a false representation, or actual fraud is not limited to the value of the property the debtor obtained by fraud. *Id.* at 219-220.  Attorney's fees awarded incident to the recovery of a judgment for a debt that is nondischargeable fall within the "any liability" language of the holding in *Cohen*. *Hogan v. George (In re George)*, 2012 WL 360157, *3 (Bankr. E.D. Ky. Feb. 1, 2012).  To the extent the attorney's fees were awarded with respect to the recovery of a judgment for a debt that is nondischargeable, the complaint sufficiently states a claim that the attorney's fees are also nondischargeable.

## Count V

The amended complaint alleges: "As a further result of the embezzlement by Debtor and his companies, Plaintiff fell behind

on the mortgage payments for the Property." Am. Compl. ¶ 68. The mortgage bank is seeking $673,043.55 from the plaintiffs. The plaintiffs have reached an agreement with the mortgage bank and the foreclosure sale has been "temporarily abated." The plaintiffs request that the court award damages in the amount of $673,043.55 in their favor and against the defendant and that the court determine such debt to be nondischargeable. Am. Compl. ¶¶ 69, 70.

The amended complaint does not state a claim for embezzlement and therefore to the extent the plaintiffs allege that the $673,043.55 amounts to damages arising as a result of embezzlement, they have failed to state a claim for relief. The amended complaint goes on to state that "Plaintiffs . . . request that such debt be determined to be non-dischargeable under 11 U.S.C. § 523(a)(2)(A), 11 U.S.C. § 523(a)(4), and 11 U.S.C. § 523(a)(6)." There are no factual allegations supporting Count V which state a claim for relief under these statutory provisions. The complaint does not allege any specific conduct by the debtor which caused the loss of $673,043.55. With no factual allegations supporting the claim that the $673,043.55 is nondischargeable, Count V must be dismissed.

In addition, the defendant's motion to dismiss argues that the plaintiffs did not assert this claim for damages in the Superior Court action and that they are barred by res judicata

from raising the claim in this court.

"Res judicata may be raised in a Rule 12(b)(6) motion to dismiss for failure to state a claim when the defense appears on the face of the complaint and any materials of which the court may take judicial notice." *Sheppard v. District of Columbia*, 791 F.Supp.2d 1, 5 n.3 (D.D.C. 2011). A federal court must give the same preclusive effect to a District of Columbia Superior Court's judgment as the District of Columbia courts would give to the judgment. *See* 28 U.S.C. § 1738; *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466, 102 S. Ct. 1883, 72 L. Ed.2d 262 (1982). District of Columbia law applies a three-part test to determine if a claim is barred by claim preclusion: "(1) whether the claim was adjudicated finally in the first action; (2) whether the present claim is the same as the claim which was raised or which might have been raised in the prior proceeding; and (3) whether the party against whom the plea is asserted was a party or in privity with a party in the prior case." *Patton v. Klein*, 746 A.2d 866, 870 (D.C. 1999).

The facts supporting Count V are so sparse that the court is unable to determine whether the plaintiffs' claim for damages is one which "might have been raised in the prior proceeding." The complaint and attached documents do not make clear when this claim arose. Therefore, the court will not address the issue of claim preclusion at this juncture.

Conclusion

For these reasons, the motion to dismiss is granted in part and denied in part. Accordingly, Count III (§ 523(a)(6)), Count IV (§ 523(a)(7)), and Count V are dismissed.

[Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee.